FOR PUBLICATION

**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF CALIFORNIA**

In re:  )
                                                            )
BULA DEVELOPMENTS, INC.,  ) Case No. 23-24619-C-11
                                                            )
     Debtor.  )
_____)

**MEMORANDUM ON TRANSFER UNDER 28 U.S.C. § 1412 AND RULE 1014(b) OF CASE PENDING IN ANOTHER DISTRICT (amended)**

CHRISTOPHER M. KLEIN, Bankruptcy Judge

      The controlling shareholder of the chapter 11 debtor filed a chapter 13 case in another judicial district and tried to use the new automatic stay to thwart results of chapter 11 developments.

      Rule 1014(b), as revised in 2024, provides the procedural tool to coordinate venue of related cases. This decision reviews the terms of the newly revised and renumbered Rule 1014(b).[1]

---

[1] Rule 1014(b) provides:

**(b) Petitions Involving the Same or Related Debtors Filed in Different Districts.**
    **(1) Scope.** This Rule 1014(b) applies if petitions commencing cases or seeking recognition under Chapter 15 are filed in different districts by, regarding, or against:
        (A) the same debtor;
        (B) a partnership and one or more of its general partners;
        (C) two or more general partners; or
        (D) a debtor and an affiliate.
    **(2) Court Action.** The court in the district where the first petition is filed may determine the district or districts in which the cases should proceed in the interest of justice or for the convenience of the parties. The court may do so on timely motion and after a hearing on notice to:
        · the United States trustee;
        · entities entitled to notice under Rule 2002(a); and
        · other entities as the court orders.

Decisions rendered under the former version of Rule 1014(b) remain viable because there were no substantive changes in 2024, the revisions being intended to be stylistic only.[2]

### Facts

The debtor Bula Developments, Inc. is owned in four equal 25 percent shares by Natasha Mora, her spouse, and her parents. Mora acts as the person in control.

Bula constructed a luxury home in La Jolla, California, that has been rendered unsaleable by virtue of land subsidence issues following collapse of a retaining wall allegedly attributable to faulty engineering and/or construction.

Unfavorable developments in state court and a looming foreclosure prompted Mora to file a chapter 11 petition for Bula in the Eastern District of California on December 26, 2023.

Since no attorney signed the Bula petition, notice was issued that the case would be dismissed, converted, or a trustee

---

**(3) Later-Filed Petitions**. The court in the district where the first petition is filed may order the parties in the later-filed cases not to proceed further until the motion is decided. Fed. R. Bankr. P. 1014(b) (as amended Dec. 1, 2024).

[2]The 2024 Advisory Committee Notes explained:

> The language of Rule 1014 has been amended as part of the general restyling of the Bankruptcy Rules to make them more easily understood and to make style and terminology consistent throughout the rules. The changes are intended to be stylistic only.

Rule 1014, Adv. Comm. Notes to 2024 Amendments.

2

appointed if a counsel did not promptly enter an appearance.[3]

Bula engaged counsel, who eventually sought permission to withdraw because Mora was not cooperating in performing debtor-in-possession duties. That problem led this court to order appointment of a chapter 11 trustee for cause.

The chapter 11 trustee filed a report detailing his investigation and consultations. Dkt. 93. The property had been marketed for two years with no offers. The asking price was $15.8 million (down from $25 million). Interest was accruing at a rate of $110,061 per month. There was an invalid mechanics lien. Site repairs could cost $300,000. He concluded that without either a consensual priming lien of at least $300,000 or agreement by secured creditors to a significant carve-out sale would result in little or no dividend to unsecured creditors.

This Court granted a pending stay relief motion to permit foreclosure to proceed.

The chapter 11 trustee later sold the estate's causes of action regarding construction and engineering defects.

In a post-foreclosure unlawful detainer action, the San Diego County Superior Court denied Mora's claims of right of possession and ordered the Sheriff to enforce the writ of possession. The California Court of Appeal, Fourth District, denied Mora's emergency writ of mandamus on December 30, 2024.

The next day, December 31, 2024, Mora filed her chapter 13

---

[3]The Clerk of Court accepted the petition out of respect for Rule 5005(a)(1) ("The clerk must not refuse to accept for filing any petition or other paper solely because it is not in the form required by these rules or by any local rule or practice."). A corporation must be represented by counsel. Cf., Rowland v. California Men's Colony, 506 U.S. 194 (1993).

3

case, No. 24-04961, in the Southern District of California.

On January 6, 2025, Mora filed in U.S. District Court, Southern District of California, a complaint alleging one cause of action under the Fourteenth Amendment Due Process Clause.

Mora then filed an Ex Parte Application to rescind the Sheriff's restoration notice in connection with its enforcement of the state court's post-foreclosure lockout order.

On January 23, 2025, District Court denied Mora's application, making three pertinent observations: first,

> Plaintiff's attempts to obtain possession of the Property have been rejected numerous times by different courts, including the Bankruptcy Court, the San Diego Superior Court, and the California Court of Appeal ... This calls into question whether Plaintiff's counsel conducted "an inquiry reasonable under the circumstances" to confirm their legal contentions were warranted under law;

second,

> the Bankruptcy Court has previously observed Plaintiff's "unclean hands" and found Plaintiff intended to "delay in order to continue living rent-free in the property as long as possible ... The Court warns Plaintiff that a legally meritless complaint could expose Plaintiff and Plaintiff's counsel to sanctions or referral to the State Bar of California for violation of his Rule 11 obligations;

third,

> the circumstances surrounding Plaintiff's similar filings before several state and federal courts suggests Plaintiff may have filed this action in federal court for an improper purpose. Rule 11(b) makes clear that an intent to cause unnecessary delay is an improper purpose.

Mora v. Black Horse Capital Inc., 2025 WL 255459, Slip op. at 5-6 (S.D. Cal. 2025).

On January 24, 2025, this Court sua sponte invoked Rule 1014(b), issued an order to show cause why Mora's chapter 13 case should not be transferred to this district and ordered the parties not to proceed further until the question is decided.

4

Notice was given as required by Rule 1014(b). The sole responses consist of a statement of non-opposition by Mora and an assertion by the chapter 11 trustee supporting transfer. No other party in interest has stated a position. Neither the United States trustee or any other party entitled to notice under Rule 2002(a) requested a hearing.

I

Bankruptcy Venue Transfer Statute

Bankruptcy has its own venue transfer statute. A case or proceeding under title 11 may be transferred to another district "in the interest of justice or for the convenience of the parties." 28 U.S.C. § 1412.

Unlike the general venue transfer statutes, transfer may be to any district under the interest of justice or convenience of parties criteria. Compare 28 U.S.C. §§ 1404 & 1406, with, id. § 1412; 17 James Wm. Moore, et al., Moore's Fed. Prac. 3d § 110.43[5](2024) ("Moore's"); 15 Charles Alan Wright, et al., Fed. Prac. & Proc. § 3843 n.29 (2024).

Although § 1412 speaks of transfer by and to district courts, decisional law recognizes that bankruptcy courts ordinarily do the transferring, subject to the district court's power to withdraw the reference. E.g., In re Emerson Radio Corp., 52 F.3d 50, 52 (3d Cir. 1995).

The § 1412 transfer power is also unusual in that a court may order transfer to itself of a case or proceeding pending in another district. Emerson Radio Corp., 52 F.3 at 55 n.8.

It follows that the transfer power is subsumed in the

standing orders of reference of district courts to bankruptcy courts pursuant to 28 U.S.C. § 157(a). E.g., Burlingame v. Whilden (In re Whilden), 67 B.R. 40, 41-42 (Bankr. M.D. Fla. 1986) (Paskay, B.J.).

## II

### Rule 1014(b)

Rule 1014(b) implements § 1412 when there are proceedings or petitions, including Chapter 15 petitions, in related cases in different districts by, regarding, or against: the same debtor; a partnership and one or more of the general partners; two or more general partners; or a debtor and an affiliate. Fed. R. Bankr. P. 1014(b)(1); 9 Collier on Bankruptcy ¶ 1014.04 (Richard Levin & Henry J. Sommer, 16th ed.).

It requires a hearing on a "timely motion" with notice to all entities entitled to notice under Rule 2002(a), the United States trustee, and others designated by the Court. The standard, as stated in § 1412 is "the interest of justice or the convenience of the parties." A "timely motion" includes the court's own motion. Fed. R. Bankr. P. 1014(b)(2).[4]

The court in the district where the first petition is filed may order the parties to the later-filed cases not to proceed

---

[4] The Advisory Committee explained in 2007:

> Courts have generally held that they have the authority to dismiss or transfer cases on their own motion. The amendment recognizes this authority and also provides that dismissal or transfer of the case may take place only after notice and a hearing.

Fed. R. Bankr. P. 1014(b), Advisory Comm. Note to 2007 Amendment.

6

further until the "timely motion" is decided. Fed. R. Bankr. P. 1014(b)(3).[5]

The primacy of the first-filed case is a "bright line" rule designating the court that will make the venue decision. Near v. Great Am. First Savings Bank, FSB (In re Reddington Invs. LP-VIII), 90 B.R. 429, 431 (9th Cir. BAP 1988). Orderly procedure dictates that somebody must be in charge so courts do not disrupt each other. Rule 1014(b) tasks the bankruptcy court with the job.

As the Third Circuit has observed, while § 1412 does not provide direct authority for a court to transfer to itself a case pending in another court, "Rule 1014(b) provides precisely such authority." In re Emerson Radio Corp., 52 F.3d at 55 n.8 (emphasis in original).

---

[5]The stay provision has evolved – (1) Pre-2014: "Except as otherwise ordered by the court in the district in which the petition filed first is pending, the proceedings on the other petitions shall be stayed by the courts in which they have been filed until the determination is made." (2) 2014: "The court may order the parties to the later-filed cases not to proceed further until it makes the determination." (3) 2024: "The court in the district where the first petition is filed may order the parties to the later-filed cases not to proceed further until the motion is decided."

The primary change came in 2014 with the explanation:

> Subdivision (b) is amended to clarify when proceedings in the subsequently filed cases are stayed. It requires an order of the court in which the first-filed petition is pending to stay proceedings in the related cases. Requiring a court order to trigger the stay will prevent the disruption of other cases unless there is a judicial determination that this subdivision of the rule applies and that a stay of related cases is needed while the court makes its venue determination.

Fed. R. Bankr. P. 1014(b), Advisory Comm. Note to 2014 Amendments.

7

The transfer decision is committed to the court's discretion and is reviewed for abuse of discretion. E.g., In re Commonwealth Oil Refining Co., 596 F.2d 1239, 1247-48 (5th Cir. 1979).

The § 1412 "interest of justice" basis for transfer has attracted little explication in reported decisions.

The more numerous § 1412 "convenience of the parties" cases describe a variety of factors on the theme of totality of circumstances tailored to the particular situation. Common lists include location of parties, location of assets, location of persons necessary to administration of estate, and forum that would permit efficient and economical administration of the case. E.g., Commonwealth Oil, 596 F.2d at 1247-48; 17 Moore's § 110.43[5].

### III
### This Case

Mora's status as a 25 percent shareholder qualifies her as an "affiliate" for purposes of Rule 1014(b)(1)(D) because she is an entity that owns 20 percent or more of the outstanding voting securities of the debtor corporation. 11 U.S.C. § 101(2)(A).

The Rule 1014(b) "timely motion" raising the transfer issue was this Court's own motion. As noted above, the Rules Advisory Committee has noted the ability of courts to act on their own motion to effect a transfer. Moreover, Congress authorized sua sponte motions in § 105(a).[6]

---

[6] The second sentence of § 105(a) provides:

> (a) ... No provision of this title providing for the raising of an issue by a party in interest shall be

8

Notice was given to all those entitled to notice as provided by Rule 1014(b)(2).

There having been no requests for a hearing in the responses to the notice, no actual hearing is required. 11 U.S.C. § 102(1)(B).

The Bula chapter 11 case has been pending in this district for more than one year. Its docket has 298 entries. The chapter 11 trustee filed a statement supporting transfer to this district. Dkt. 298.

Mora filed a statement to the effect that she does not oppose transfer. Dkt. 297.

Consideration of the "interest of justice" militates in favor of transfer. The justice system has a strong interest in preventing abusive litigation practices. The District Court's January 23, 2025, Order Denying Ex Parte Application to Rescind Postjudgment Lockout documented Mora's multiple filings in multiple courts. The District Court's warning to Mora of the potential for Rule 11 consequences for filings made for an improper purpose and without inquiry reasonable under the circumstances is indicative of that strong interest.

Transfer under § 1412 is warranted in this case on account of the "interest of justice" in preventing abusive litigation without reference to the "convenience of the parties."

Nevertheless, the "convenience of the parties" also provides

---

construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

11 U.S.C. § 105(a)

9

an adequate, independent basis for ordering transfer.

Of the various factors articulated in the various reported transfer decisions, considerations of economic and efficient case administration loom particularly large. No party in interest has asserted that the Eastern District of California is an inconvenient forum. As to location, this court permits liberal remote access to court proceedings so as to ease the burden of requiring traveling to the courthouse.

In short, the "convenience of the parties" favors transfer to the Eastern District of California.

## Conclusion

Having concluded that the interest of justice and the convenience of the parties within the meaning of 28 U.S.C. § 1412 and Rule 1014(b)(2) will be served by transfer to this judicial district of Chapter 13 Case No. 24-04961 presently pending in the Southern District of California. A separate order requiring transfer will be entered.

Dated: February 06, 2025

_____
United States Bankruptcy Judge

10